EDMUND WILSON, ATTORNEY-GENERAL, EX REL. ROBERT
S. DALENZ, PLAINTIFF IN ERROR, v. MICHAEL A. FITZ-
SIMMONS, DEFENDANT IN ERROR.

Argued November 30, 1909—Decided March 17, 1910.

1. The act of March 3d, 1880 (*Gen. Stat.*, p. 2335, *pl.* 42), is en-
titled "An act validating oaths taken before masters in chancery
and notaries public in certain cases." *Held*, that it applies only
to oaths taken before its passage.
2. The issue joined upon a plea to an information in the nature of
a *quo warranto* was an immaterial one, and its immateriality was
such that it could not be cured by repleader; the plea failed to
show any title to the office in the respondent. *Held*, that the
relator was entitled to judgment of ouster notwithstanding a
verdict in favor of the plaintiff.

---

On error to the Supreme Court.

For the plaintiff in error, *Edward D. Duffield.*

For the defendant in error, *Albert C. Wall (Vredenburgh,
Wall & Carey).*

The opinion of the court was delivered by

SWAYZE, J.   This is a contest over the office of village
clerk of the village of South Orange.   The respondent justi-
fies his retention of the office by virtue of the Civil Service
act of 1908, which has recently, and since the decision of

this case in the Supreme Court, been held to be unconstitu-
tional so far as relates to its adoption by municipal govern-
mental boards. Attorney-General *v.* McGuinness. The Su-
preme Court held that the respondent was protected in the
enjoyment of his office by this act and rendered judgment in
his favor on that ground alone. That judgment must fail
with the failure of the act and must necessarily be reversed.
The question as to the form of judgment to be entered pre-
sents some difficulties. The proceeding is brought under
special leave of the court in the name of the attorney-gen-
eral, under section 1 of the *Quo Warranto* act, which has
taken the place of the act of 1795, instead of under section
4, which has taken the place of the act of May 9th, 1884.
The relator, however, claims the office, and the pleadings
are sufficient to put in issue his title thereto. Since the
passage of the act of February 18th, 1895, which now appears
as section 12 of the *Quo Warranto* act, the court may deter-
mine the title of the relator in any action of *quo warranto,*
whether by the attorney-general or by the claimant himself,
and the Supreme Court, in fact, adjudged that the relator
had no title to the office. To this exception was duly sealed,
upon which error has been assigned, and we therefore must
consider this question. The objection to the relator's title,
based upon the Civil Service act, fails. With that obstacle
out of the way there is no question that he was lawfully
elected to the office, but it is insisted that under section 8
of the village charter (*Pamph. L.* 1872, *p.* 1207) the office
must now be deemed vacant, because of the relator's failure
to qualify in accordance with the charter. That supposed
failure consisted in an omission to take the oath of office
before a justice of the peace and to file the oath in the office
of the village clerk as required by section 7 of the charter.
In fact, the oath was taken before a notary public and com-
missioner of deeds, and this defect is fatal unless there is
some statute which modifies the requirements of the village
charter. *Bullock* v. *Biggs, ante p.* 63. There is a stat-
ute, approved March 3d, 1880 (*Gen. Stat., p.* 2335, *pl.* 12),
which enacts that any official oath authorized to be taken

and subscribed before a justice of the peace which may have been taken and subscribed before a master in chancery or notary public shall be deemed as valid and effectual as if taken and subscribed before a justice of the peace. We think that this statute is not applicable to official oaths taken after its passage. It applies only to oaths which "may have been taken," and the title indicates that the reference is to oaths taken prior to the passage of the act. "An act validating oaths," &c., cannot be construed as applicable to the future unless it is meant to have the effect of a general amendment of existing requirements. The objection that the oath was not filed in the office of the village clerk is untenable. It rests upon the theory that the respondent, Fitzsimmons, was the village clerk, for if the relator himself was village clerk, it could hardly be contended that he had not filed the oath with himself, when in fact he had taken it and presented it to one of the village trustees, while if neither was village clerk, there was no one with whom to file it. The defect in the oath itself is, however, fatal, and the trial judge correctly held that the relator had no title to the office.

The *postea* states that the facts were agreed upon in writing, and such seems to have been the intent of the stipulation between the parties, for, although all that it says is that the following facts are agreed upon, it evidently means that those facts are all that are material, for there was no effort to prove anything further in the case. We might, therefore, proceed to award judgment were it not that there was an issue of fact which was found by the court sitting as a jury in favor of the defendant in error. This issue was whether or not the Civil Service act had been adopted in pursuance of its provisions by the board of trustees of the village. In view of the decision of this court upon the Civil Service act, that issue was immaterial, and its immateriality is such that it cannot be cured by repleader. Upon the pleadings themselves the respondent fails to show a title to the office, and the relator is entitled to judgment *non obstante veredicto*. Judgment of ouster should be entered. Upon

the findings there should also be judgment that the relator is not entitled to the office. Since, however, he prevails in securing judgment of ouster, he is entitled to costs in the court below.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 16.